**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 DEC 12  PM 4: 36

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| Holly Becker, f/k/a Grove, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| LVNV Funding, LLC, a Delaware limited | ) | |
| liability company, Resurgent Capital | ) | |
| Services, L.P., a Delaware limited | ) | **1 :11 -cv- 1 6 3 3 SEB -DML** |
| Partnership, and Capital Management | ) | |
| Services, LP, a Delaware limited | ) | |
| Partnership, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Holly Becker, f/k/a Grove, brings this action under the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that
Defendants' debt collection actions violate the FDCPA, and to recover damages for
Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28
U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions
occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business
here.

### PARTIES

3.      Plaintiff, Holly Becker, f/k/a Grove ("Becker"), is a citizen of the State of
Indiana, residing in the Southern District of Indiana, from whom Defendants attempted

to collect a delinquent consumer debt allegedly owed originally to MCI Communications Services, Inc., but now allegedly owed to a bad debt buyer, LVNV Funding, LLC.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer and Defendant Resurgent manages collections of the debts that LVNV buys.

7. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

2

## FACTUAL ALLEGATIONS

8.     On June 15, 2011, Mrs. Becker and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Becker, S.D. Ind. Bankr. No. 11-07635-JKC-7. Among the debts listed on Schedule F of Mrs. Becker's bankruptcy petition was a debt she allegedly owed originally to MCI Communications Services, Inc., and was then owed to Defendant LVNV.  Moreover, both Defendant LVNV and Resurgent were listed on the bankruptcy petition regarding her debts. See, excerpt of bankruptcy petition attached as Exhibit A.

9.     On June 17, 2011, both LVNV and Resurgent were sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

10.     Nonetheless, Defendants LVNV and Resurgent had Defendant CMS send Mrs. Becker a collection letter dated October 10, 2011, demanding payment of the debt she had owed LVNV prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit C.

11.     All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

12.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15.     Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

19.     Defendants LVNV and Resurgent, were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue.  By directly sending Mrs. Becker the October 10,

4

2011 collection letter (Exhibit C), despite notice that she was represented by bankruptcy

counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

20.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable

for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Holly Becker, f/k/a Grove, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Becker, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by

§1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Holly Becker, f/k/a Grove, demands trial by jury.

Holly Becker, f/k/a Grove,

By:
One of Plaintiff's Attorneys

Dated:  December 12, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com